IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**GILBERT J. HINOJOS**,

        Plaintiff,

v.                                                                                   No. CIV 07-0022 BB/LFG

**HONEYWELL FEDERAL**
**MANUFACTURING AND**
**TECHNOLOGIES, LLC**,

        Defendant.


**MEMORANDUM OPINION**

        THIS MATTER comes before the Court on Defendant Honeywell Federal Manufacturing and Technologies, LLC's ("Defendant") February 20, 2007 motion to strike Plaintiff's surreply (Doc. No. 17) and Defendant's January 12, 2007 motion for summary judgment (Doc. No. 8). Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendant's motion to strike Plaintiff's surreply should be GRANTED and Defendant's motion for summary judgement should also be GRANTED.

**Standard for Reviewing a Motion for Summary Judgment**

        Summary judgment is not "a disfavored procedural shortcut but rather [it is] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). It is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Martin v. Kansas*, 190 F. 3d 1120, 1129 (10th Cir. 1999). However, it is "not required to evaluate every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1401 (10th Cir. 1988).

An issue of fact is "material" if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. Further, "[A] jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995).

### Background

Plaintiff Gilbert Hinojos ("Plaintiff") was employed by Defendant from 1994 until he was terminated on January 8, 2003. *See* Compl., ¶ 5 (Doc. No. 1, Ex. 1.). On July 8, 2002, Plaintiff filed a retaliation complaint against Defendant with the Department of Energy ("DOE") under the Contractor Employee Protection Program set forth in 10 C.F.R. Part 708 (the "Part 708 Complaint").[1] Plaintiff's Part 708 Complaint alleged that Defendant refused to allow him to attend education classes during work hours in retaliation for his filing of two previous complaints

---

[1] This program prohibits DOE contractors, like Defendant, from retaliating against an employee who discloses information concerning, *inter alia*, "danger to public or worker health or safety, substantial violations of law, or gross mismanagement . . ." *See* 10 C.F.R. § 708.1 (2007).

with the Equal Employment Opportunity Commission ("EEOC").  *See* Def. Mot. S.J., Ex. 1 - Original Part 708 Compl.

On December 6, 2002, while the Part 708 Complaint was pending, Plaintiff was involved in a work-related accident.  Specifically, while transporting a load of cargo restraint containers ("CRTs"),[2] Plaintiff was involved in a serious car accident in which he braked for a traffic light and several CRTs shifted forward.  *See* Def. Mot. S.J., Ex. 2, pp.100:11 - 101:1 - Dep't of Energy Office of Hearings & Appeals - Tr. of Proceedings.  One CRT penetrated the rear windshield glass of Plaintiff's vehicle and another landed on the roof of the vehicle.  *Id.* Defendant terminated Plaintiff's employment on January 8, 2003, for his conduct in connection with this accident.  *See* Def. Mot. S.J., Ex. 3, p. 12 - Hearing Officer's Decision.  Following his termination, Plaintiff amended his still pending Part 708 Complaint to add a claim that Defendant terminated him in retaliation for filing the Part 708 Complaint.  *See* Def. Mot. S.J., Ex. 4, pp. 27:8 - 28:5 - Hinojos Dep..

On July 14-15, 2004, the parties participated in an administrative hearing on Plaintiff's Part 708 Complaint.[3]  *See* Hinojos Dep. at 28:6-11.  On April 27, 2005, the Hearing Officer issued an Initial Agency Decision that ruled in Defendant's favor.  In particular, the Hearing Officer concluded:

> The [Defendant] has . . . sufficiently proved that, in light of the
> severity of the accident, the [Plaintiff's] failure to take appropriate

---

[2] A CRT is a large metal container that weighs several hundred pounds.  *See* Def. Mot. S.J., Ex. 2, pp. 294: 14-24 - Dep't of Energy Office of Hearings & Appeals - Tr. of Proceedings.

[3] Plaintiff's initial retaliation claims based on his EEOC complaints were dismissed by the DOE Hearing Officer because such claims are barred by 10 C.F.R. Part 708.4.  *See* Hearing Officer's Decision at 3.

>preventative measures despite having prior training on the proper method of doing so, and the [Plaintiff's] failure to this day to acknowledge the seriousness of the accident, the Employee was a safety risk.  The [Defendant] further established that the [Plaintiff's] case was handled in a manner appropriate for the serious safety violation involved and that the sanction of dismissal from employment was consistent with the sanction given in the only other case that the [Defendant's] ES&H department, after doing a database search, could find involving a similar potential for harm.

Hearing Officer's Decision at 12.

Additionally, immediately prior to the Part 708 hearing, Plaintiff filed a federal lawsuit against Defendant asserting claims of retaliation, discrimination, and breach of contract ("*Hinojos* II").[4]  *See Hinojos v. Honeywell FM&T*, No. 04-CV-779 (D.N.M. July 12, 2004). As with his Part 708 Complaint, this lawsuit was not successful.  In particular, on Defendant's motion to dismiss, many of the original claims in *Hinojos* II were dismissed by Chief Judge Martha Vasquez because they duplicated claims raised in *Hinojos* I.  *See id.*, Mem Op. & Order (June 8, 2005). Further, on Defendant's motion for summary judgment, all of Plaintiff's remaining federal claims were dismissed with prejudice, while Plaintiff's state-law claim for retaliatory discharge was dismissed without prejudice.  *See id.*, Mem. Op. & Order (Sept. 21, 2006) (granting Def.'s Mot. S.J.).  This decision is currently on appeal to the United States Court of Appeal for the Tenth Circuit.  *See* Notice of Appeal, dated Oct. 23, 2006.

---

[4] Plaintiff had filed an even earlier August 9, 2000 lawsuit against Defendant alleging retaliatory failure to promote and breach of contract ("*Hinojos* I").  *See Hinojos v. Honeywell Int'l Inc.*, No. 00-CV-1157 (D.N.M. Aug. 9, 2000).  This first lawsuit was dismissed on summary judgment and affirmed on appeal by the United States Court of Appeals for the Tenth Circuit. *See id.,* Mem. Op. & Order (April 19, 2002) (granting Defendant's Mot. S.J.); Order & J. (Jan. 23, 2003) (affirming grant of summary judgment).

Plaintiff, proceeding *pro se*, re-filed his state-law claim for retaliatory discharge in violation of public policy in state court on October 13, 2006. *See* Compl.. Plaintiff's Complaint, which Defendant removed to this Court based on diversity jurisdiction, alleges that Defendant terminated Plaintiff in retaliation for his filing of a cornucopia of previous complaints against Defendant, including a series of safety-related complaints, the Part 708 Complaint, a complaint lodged with the New Mexico Human Rights Division, and the complaints with the EEOC. *See* Compl., ¶¶ 8-15.

## Discussion

**I.   The Court Will Not Consider Plaintiff's Surreply**

After Defendant filed the current motion for summary judgment, Plaintiff "responded" with two filings. First, on January 19, 2007, Plaintiff filed a one-paragraph pleading entitled "Plaintiff's Motion to Oppose Summary Judgment and, I Ask for a Continuance."[5] *See* Resp. to Def. Mot. S.J., dated Jan. 19, 2007 (Doc. No. 7). The only argument advanced in this succinct opposition was that Plaintiff's "case was pencil whipped." *See id*. The Court has not previously encountered this legal argument and has no idea what it means.

Second, on February 7, 2007, Plaintiff filed a second pleading entitled "Plaintiff's Reply in Opposeing [sic] of Motion for Summary Judgment." *See* Surreply to Def. Mot. S.J., dated Feb. 7, 2007 (Doc. No. 12). This second pleading cannot be considered a response because it was filed more than fourteen calendar days after Defendant's motion for summary judgment. *See* D.N.M.L.R. - Civ. 7.4. And, it cannot be considered a surreply because Plaintiff neither sought nor received leave of this Court to file such surreply. *See* D.N.M.L.R. - Civ. 7.6(b) ("The filing of

---

[5] This continuance was not granted.

a surreply requires leave of the Court."). Therefore, the Court will not consider this February 7, 2007 pleading in deciding Defendant's motion for summary judgment.[6] *See Underwood v. United States*, 2007 U.S. Dist. LEXIS, *2 (D.N.M. (2007) (citing *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994). ("A pro se litigant must follow the same rules of procedure that govern other litigants.")

Accordingly, Defendant's motion to strike Plaintiff's surreply is GRANTED.

## II.     The Doctrine of Collateral Estoppel Bars Plaintiff from Re-litigating the Reason for his Termination

Collateral estoppel, also known as issue preclusion, refers "to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 (1985).[7]  Under collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issues in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Ashe v. Swenson*, 397 U.S. 436, 443 (1970) ("When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.").

---

[6] Even if the Court were to consider this pleading, it would not assist Plaintiff as it does nothing more than repeat *verbatim* (with the exception of the introductory paragraph) a pleading Plaintiff's former attorney filed in response to a motion to dismiss in *Hinojos* II, one of Plaintiff's previous lawsuits against Defendant. *Compare* Surreply to Def.'s Mot. S.J. with *Hinojos* II, Resp. to Def.'s Mot. Dismiss, dated Jan. 11, 2005.  The surreply does not address the legal arguments raised in Defendant's motion for summary judgment.  It does not reference the proper legal standard for deciding a motion for summary judgment, does not articulate any genuine issues of material fact, and does not even relate to the issues briefed in Defendant's motion. *See* Surreply to Def.'s Mot. S.J..

[7] *Res judicata*, or claim preclusion, is not applicable in this situation because Plaintiff's state-law claim for retaliatory discharge was not raised in his Part 708 Complaint.

Federal law governs the preclusive effect of a prior federal decision. *See Orjias v. Stevenson*, 31 F.3d 995, 1010 (10th Cir.), *cert. denied sub nom. Louisiana-Pacific Corp. v, Orjias*, 513 U.S. 1000 (1994). Since the prior judgment in this case was that of a federal agency acting in a judicial capacity, this Court will apply the federal law of collateral estoppel. *NLRB v. Gordon* (*In re Gordon*), 303 B.R. 645, 650 (Bankr. D. Colo. 2003) ("The preclusive effect given in federal court to a prior federal decision is subject to federal law.").

The fact that the earlier proceedings occurred in the context of an administrative agency proceeding does not preclude the application of the doctrine of collateral estoppel. Courts "have long favored application of the common-law doctrines of collateral estoppel (as to issues) and *res judicata* (as to claims) to those determinations of administrative bodies that have attained finality." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) (emphasis added). The principle that "a losing litigant deserves no rematch after a defeat fairly suffered in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise . . . holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal . . . which acts in a judicial capacity. *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966); *Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1534-1535 (10th Cir. 1996) (quoting same).

Under Tenth Circuit law, collateral estoppel requires that "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine was invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge v. Cotter*

*Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992). In this case, all four of these requirements are satisfied.

### A. Identical Issue

First, the issue Plaintiff is attempting to litigate in this case is the same one addressed previously in the Part 708 proceeding: the reason for Plaintiff's termination. Specifically, the Hearing Officer was required to decide whether Defendant fired Plaintiff because (as Defendant contended in the Part 708 proceeding and maintains in the current action) he caused the December 6, 2002 accident or because he filed the Part 708 Complaint. *See* Hearing Officer's Decision at 3, 4. After hearing sworn testimony and vigorous cross-examination, and after reviewing exhibits and other submissions, the Hearing Officer found that, based on the December 6, 2002 accident, Plaintiff was a safety risk; Defendant fired Plaintiff because he was a safety risk; and the sanction of dismissal was appropriate. *See* Hearing Officer's Decision at 12. Thus, the central issue raised in the current lawsuit - the reason for Plaintiff's termination - was the exact same issue decided by the DOE Hearing Officer in the Part 708 proceeding. Therefore, the first requirement is satisfied. *Murdock*, 975 F.2d at 687.

### B. Finally Adjudicated on the Merits

Second, in order to be afforded collateral estoppel effect, the prior action must have been finally adjudicated on the merits. *See Dodge*, 203 F.3d at 1198. This analysis involves two components: 1) adjudication on the merits and 2) finality. "Adjudication on the merits requires that the adjudication [of the relevant issue] be necessary to the judgment." *Murdock*, 975 F.2d at 687 (citing *Block v. Comm'rs*, 99 U.S. 686, 693 (1878)); *Ins. Co. of North Am. v. Norton*, 716

F.2d 1112, 1115 (7th Cir. 1983) ("It is axiomatic that a party will be precluded by collateral estoppel from relying on an argument only where the determination as to the argument relied on was essential to the judgment in a prior action."). In this case, the determination of the reason for Plaintiff's termination was not just necessary to the prior judgment, it was the ultimate end of the Part 708 litigation. As noted above, in the Part 708 proceedings, Plaintiff attempted to prove that he was terminated because he filed the Part 708 Complaint, while Defendant maintained that he was fired because of the December 6, 2002 accident. Thus, the determination of the reason for Plaintiff's termination was absolutely necessary to the Hearing Officer's decision.

Additionally, to be afforded collateral estoppel effect, the judgment must be final. In order to be deemed final for preclusion purposes, "the decision need only be immune as a practical matter to reversal or amendment." *Miller Brewing Co., v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979). Several courts have held that the possibility of appeal contributes directly to the determination of finality, which "turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Id*. (citing *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961), *cert. denied*, 368 U.S. 986 (1962). This approach is in line with the Restatement (Second) of Judgments, § 13 reporter's note comment g (1982), which states that the fact "that the decision was subject to appeal or was in fact reviewed on appeal [is a] factor supporting the conclusion that the decision is final for the purposes of preclusion." *Id*; *see also Augustine v. Adams*, 88 F. Supp 2d 1166, 1171-72 (D. Kansas 200). In the instant case, the prior judgment meets the finality requirement for collateral estoppel purposes under any definition since, as described in greater detail in § D, *infra*, the Hearing Officer's Decision was final for

9

administrative appellate review purposes and was, in fact, affirmed on appeal by the Director of the Office of Hearings and Appeals.  Therefore, the second requirement for collateral estoppel is satisfied.

### C.      Same Parties

Third, for collateral estoppel to apply, the party against whom the doctrine was invoked must have been a party in the prior adjudication.  *See Dodge*, 203 F.3d at 1198.  In this case it is clear that both Plaintiff and Defendant were parties to Part 708 proceedings, just as they are parties here.  *See* Hearing Officer's Decision at 1.  Hence, the third requirement is satisfied.

### D.      Full and Fair Opportunity to Litigate

Fourth, and finally, the party against whom collateral estoppel is invoked must have had a full and fair opportunity to litigate the issue in the previous action.  *See Dodge*, 203 F.3d at 1198.  "The inquiry into whether a party had a full and fair opportunity to litigate an issue '[o]ften . . . will focus on whether there were significant procedural limitations in the prior proceedings, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."  *Murdock*, 975 F.2d at 689 (quoting *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990)).  The Court will address these three issues - procedural limitations, incentive to litigate, and relationship of the parties - in order.

First, the DOE Contractor Employee Protection Program does not impose significant procedural limitations.  Rather, the procedures are reflective of those provided in ordinary litigation.  The complaining party may request an evidentiary hearing, *see id*. § 708.21, and, if a hearing is requested, it is conducted by a Hearing Officer appointed from the Office of Hearings and Appeals.  *See id*. § 708.25.  Further, in all Part 708 proceedings, the parties have, *inter alia*,

10

the following procedural rights: (1) the right to be represented by counsel; (2) the right to request the issuance of subpoenas to secure witness attendance; (3) the right to request discovery prior to the hearing; (4) the right to present witness testimony and documentary evidence; and (5) the right to cross-examine witnesses. *See id*. § 708.28. Further, all witnesses presented at such hearings testify under oath. *See id*.

Plaintiff, who was represented by counsel in the Part 708 proceedings, took full advantage of these procedures. He requested a Hearing Officer and participated in the two-day administrative hearing that took place on July 14-25, 2004. Plaintiff also filed a witness list with fifteen potential witnesses. *See* Def's Mot. S.J., Ex. 6 - Hinojos' Witness & Ex. List, dated June 1, 2004. Further, prior to this hearing, the Hearing Officer held a discovery conference, instructed the parties to exchange witness and exhibit lists and allowed the parties to file objections to proposed witnesses and exhibits. *See* Def.'s Mot. S.J., Ex. 5 - Ltr. from Hearing Officer to Counsel, dated May 12, 2004. Thus, Plaintiff was not limited procedurally in the proceeding before the Hearing Officer.

Moreover, after the Hearing Officer's Decision was issued, Plaintiff sought appellate review from the Director of the Office of Hearings and Appeals. *See* Def.'s Mot. S.J., Ex. 7 - DOE Appeal, dated July 8, 2005. After considering the record and the issues raised by Plaintiff, the Director of the Office of Hearings and Appeals affirmed the Hearing Officer's Decision, stating:

> In sum, I am convinced that there was sufficient evidence in the record in this case to support the hearing officer's conclusion that [Defendant] clearly and convincingly established that it would have terminated [Plaintiff] absent his protected activity.

11

DOE Appeal at 9. Plaintiff then appealed to the Secretary of Energy. *See* Def.'s Mot. S.J., Ex. 8 - Ltr. from G. Vigil to Office and Hearings and Appeals, dated August 5, 2005. Plaintiff, however, abandoned his appeal by failing to file the required statement of issues. *See* Def.'s Mot. S.J., Ex. 9 - Ltr. from Office of Hearings and Appeals to Counsel, dated September 19, 2005. Thus, it is clear that Plaintiff was not constrained by procedural limitations in the Part 708 proceedings.

As to the second inquiry, Plaintiff had a significant incentive to litigate the reason for his termination. Indeed, in a Part 708 proceeding, a prevailing complainant may be entitled to reinstatement, transfer preference, back pay, reimbursement of costs and attorneys fees, and such other remedies as are deemed necessary to provide relief. *See* 10 C.F.R. § 708.36(a). Thus, Plaintiff had every incentive to litigate the central issue in his Part 708 Complaint.

Third, there is nothing in the record to suggest that effective litigation was limited by the nature or relationship of the parties. *See Murdock*, 975 F.2d at 689 (quoting *Sil-Flo, Inc.,* 917 F.2d at 1521). Indeed, the parties did not have an ongoing employment relationship at the time of the Part 708 proceeding and were fully adversarial. For these reasons, the fourth requirement is satisfied as Plaintiff had a full and fair opportunity to litigate the reason for his termination in the previous Part 708 proceeding.

Based on the foregoing analysis, the Court concludes that the doctrine of collateral estoppel precludes Plaintiff from re-litigating the reason for his termination.

**II.     Summary Judgment is Appropriate Because There is No Genuine Issue of Material Fact Concerning the Reason for Plaintiff's Termination**

Plaintiff's Complaint asserts a state law claim for retaliatory discharge. The New Mexico Supreme Court has explained that, in order to establish this cause of action, employee-plaintiffs:

> must demonstrate that they were discharged because they performed acts that public policy has authorized or would encourage, or because they refused to do something required by an employer that public policy would condemn. *The employees must show a causal connection between their actions and their subsequent discharge*. (emphasis added).

*Garrity v. Overland Sheepskin Co.*, 917 P.2d 1382, 1386 (1996) (citations omitted). Thus, it is Plaintiff's burden to establish that Defendant terminated him because of his allegedly protected activity (*i.e.*, the various complaints he lodged against Defendant). However, based on the doctrine of collateral estoppel, Plaintiff is bound by the key factual determination made in the Part 708 proceeding. Specifically, Plaintiff is bound by the Hearing Officer's finding that Plaintiff was terminated because, in light of the December 6, 2002 accident, he was determined by Defendant to be a safety risk. *See* Hearing Officer's Decision at 12. Thus, there is no genuine issue of material fact for trial regarding the reason for Plaintiff's termination.

Accordingly, Defendant's motion for summary judgment is GRANTED.

### Conclusion

Based on the foregoing, Defendant's motion to strike Plaintiff's surreply should be GRANTED and Defendant's motion for summary judgment should also be GRANTED.

DATED April 6th 2007.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

13

**Attorneys:**

**Appearing** *pro se*
Gilbert Hinojos

**For Defendant**
Jeffrey L. Lowry